FILED BY ЄВ D.C.

JUL 13 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: _____

| | |
|---|---|
| US BANK TRUST N.A. ) | |
|     Plaintiff, ) | **NOTICE OF REMOVAL** |
| ) | *(Diversity – 28 U.S.C. 1332)* |
| Vs. ) | |
| ) | |
| JANICE ELLERY, *et. al* ) | |
|     Defendant. ) | |

## NOTICE OF REMOVAL

1. This matter was commenced on Defendant's Objection to a judicial sale filed in the 17th Judicial Circuit in and for Broward County, Florida (the "state court"), under case number **CACE 19-011770**. A copy of the state court Objection to Sale is attached hereto as *Exhibit A*.

2. This is a civil matter of which this Court has original jurisdiction under **28 U.S.C. §1332** – *Diversity Jurisdiction;* and is a case that may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil proceeding between citizens of different states.

3. Defendant is informed and believes that plaintiff, US Bank Trust N.A. (hereinafter, "US BANK"), was, at the time it filed the state court motion, and still is, a corporation, incorporated in the State of Minnesota and/or maintains its principle place of business in Saint Paul Minnesota. Additionally, none of the named Defendants, including myself, Janice Ellery was not, at the time I, the Defendant filed the state court Objection to Sale, and still are not, citizens of Minnesota.

4. Here, it is alleged that Plaintiff, US BANK acted without authority and/or without court permission when it filed its April 14, 2023 Motion for Writ of Possession and it's May 22, 2023 Notice of Hearing in the Florida State Court. Certainly, Plaintiff knows that the state court cannot grant such a motion, prior to Plaintiff complying with federal mortgage servicing laws.

## Argument

*US Bank's Failure to Comply with 12 C.F.R. 1006.18(b)(2)*

5. 12 C.F.R. § 1006.18(b)(2) – False, Deceptive, or Misleading Representations provides that: * (b)(2) A debt collector must not falsely represent: (i) The character, amount, or legal status of any debt; and (ii) Any services rendered, or compensation that may be lawfully received, by any debt collector for the collection of a debt.

6. On December 16, 2021, a final judgment of foreclosure was entered in favor of Plaintiff in the total amount of $375,078.95. Paragraph eight (8) of the December 16, 2021 final judgment provides in relevant part as follows:

> …..8. "On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale to Plaintiff c/o Diaz Anselmo & Associates, P.A., PO Box 19519, Fort Lauderdale, FL 33318, so far as they are sufficient, by paying: (a) All of Plaintiff's cost; (b) Plaintiff's attorneys' fees; and (c) The total sum due to Plaintiff as set forth above, less the items paid, with interest at the current statutory interest rate from the date through which interest is calculated in paragraph 1 above to the date of the sale. If, subsequent to the date of the Plaintiff's Affidavit of Indebtedness and prior to the sale contemplated in paragraph 5 hereof, the Plaintiff has to advance money to protect its mortgage lien, including but not limited to post judgment advances for property taxes and insurance, property preservation costs, posts judgment attorney's fees and costs and post judgment bankruptcy attorney fees and costs, the Plaintiff or its Attorneys shall certify by affidavit to the Clerk and the amount due to Plaintiff shall be increased by the amount of such advances without further order of the Court.

7. Therefore, according to paragraph eight (8) of the final judgment, Plaintiff's ability to advance post-judgment fees and cost, are not triggered until if, and when a "Certificate of Title" is filed in the state court case. In fact, paragraph 8(c) of the final judgment specifically states that:

> "if prior to the sale…..the Plaintiff has to "advance money" such as post judgment advances for property taxes and insurance to protect its mortgage … the Plaintiff or its Attorneys shall certify by affidavit to the Clerk and the amount and the amount due to Plaintiff shall be increased by the amount of such advances…" (Emphasis added).

8. However, as of the date of this Complaint, NO sale has occurred and NO Certificate of Title had been filed by the Clerk. Additionally, Plaintiff (through its agent attorney), has not "certified" the amount due by affidavit to the Clerk. Therefore, on September 22, 2022, Plaintiff's demands for said "advance money", was clearly premature. A copy of the December 16, 2021 final judgment, is attach hereto as Exhibit "A".

9. On September 22, 2022, Plaintiff's agent sent Defendant a letter showing the total amount I needed to pay, in order to pay off the balance of the subject mortgage loan. Plaintiff's September 22, 2022 collection letter is misleadingly false, as it appears to be based totally on a "Total Unpaid Principal Balance" amount of $195,658.98 and not on the December 16, 2021 final judgment amount of $375,078.95 - that fact alone, renders the September 22, 2022 payoff demand inaccurately misleading and false. A copy of Plaintiff agent's September 22, 2022 payoff demand is attached hereto as Exhibit "B".

10. Nevertheless, it is clear on the face of its September 22, 2022 collection letter, that Plaintiff, through its agent, is demanding "additional expenses" other than the $51,742.56 interest charges that's authorized by the December 16, 2021 final judgment. Certainly, such a demand on the part of Plaintiff is falsely representing the true character and amount of the alleged debt, and therefore, does not comply with 12 C.F.R. § 1006.18(b)(2).

11. As of the date of its September 22, 2021 demand letter, NO foreclosure sale of the subject property located at 214 SW 2nd Place, Dania, Florida 33004 had occurred. Therefore, Plaintiff's September 22, 2022 letter is clearly an unfair attempt to collect additional expenses that (according to the final judgment), it is not yet entitled to collect. Thus, Plaintiff's September 22, 2022 demand/collection letter is in violation of this Bureau's Rules under 12 C.F.R. § 1006.18(b)(2).

12. Based on paragraph eight (8) of the December 16, 2021 final judgment, Plaintiff, through its agent, is falsely representing the true character of the $393,856.57 total payoff amount, because said payoff amount prematurely includes post judgment expenses – other than post judgment interest. As a result, my ability to determine the validity of the total amount allegedly owed, has been impaired by the Plaintiff. The September 22, 2022 letter is indeed false and misleading under 12 C.F.R. § 1006.18(b)(2), and is an unfair attempt to collect unauthorized fees and expenses.

13. The above violations on the part of Plaintiff, has prevented, hindered, and/or delayed me, or someone on my behalf, from confidently making a final payment that would pay off the correct balance of the subject mortgage loan. Moreover, Plaintiff's misleading and unfair pre-mature demands for post judgment fees and

4

cost, is preventing us from selling the subject property, and extinguishing the alleged debt – and to do, before the property is lost in a foreclosure sale.

**WHEREFORE**, I, the Defendant Janice Ellery, respectfully request this Court strike Plaintiff's May 22, 2023 state court Notice of Hearing, and to allow Defendant's Objection to Sale to proceed in this Court, and for any further relief deems just and proper.

*/s/ Janice Ellery*
Janice Ellery
214 SW 2nd Place
Dania, Florida 33004