# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 23-CV61326-RS

U.S. BANK TRUST, N.A.,
      Plaintiff,

Vs.

JANICE ELLERY,
      Defendant.          /

REC'D BY_____D.C.

AUG 1 5 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## DEFENDANT'S MOTION FOR RECONSIDERATION

**COMES NOW** Defendant Janice Ellery and pursuant to Fed. R. Civ. 59 respectfully submits this, my Motion for Reconsideration of this Court's July 19, 2023 Order Remand [ECF No. 4] and in support hereof states:

### A. *Introduction*

Reconsideration is appropriate in this case to correct a manifest error of law and to prevent manifest injustice. See *Peress v. Wand*, 597 F.Supp.2d 1320 (S.D. Fla. 2008) (proper grounds for reconsideration include the correction of a manifest error of law and to prevent injustice). *Burger King Corp. v. Ashland Equities, Inc.* 181 F.Supp.2d 1366 (S.D. Fla. 2002) (proper grounds for reconsideration include the correction of a manifest error of law and to prevent injustice).

Here, I respectfully submit that the Court's July 19, 2023 order of remand ("remand order"), was manifestly erroneous in that a district court cannot enter a *sua sponte* remand order based on a perceived "procedural, non-jurisdictional" defect in the removal process – such a remand order would be unjust, and is manifestly contrary to law.

### B. *Background*

1

On July 13, 2023, I, a *pro se* litigant[1], removed the underlying state court case from the 17th Judicial Circuit Court, in and for Broward County, Florida (the "state court") to this federal court because of, among other grounds, the parties' US Bank Trust N.A. (hereinafter "U.S. BANK")[2] – *a citizen of Minnesota*; and Janice Ellery (Defendant) – *a citizen of Florida* diverse citizenship. As such, this action is one in which this United States District Court, for the Southern District of Florida has subject matter jurisdiction.

Specifically, in my July 13, 2023 petition for removal, I clearly and unequivocally alleged that Plaintiff, "U.S. BANK", was...and still is, a <u>citizen</u> of the State of Minnesota"; and that I, the Defendant "was...and still is, a <u>citizen</u> of Florida" (emphasis added); (see ¶ of the July 13, 2023 Removal Petition). [ECF No. 1].

On July 19, 2023, the Honorable Judge Rodney Smith entered an order remanding this case back to the state court from which it came. [ECF No. 5].   Respectfully however, the Court's remand order is erroneous as it was entered *sua sponte* and is based on a perceived "procedural defects" – respectfully, this the Court cannot do.

In its July 19, 2023 *sua sponte* order of remand, the Court remanded the case back to the state court for "two reason".  First, because, according to the Court, "removal is untimely.  Secondly, because, according to the Court, "Defendant Janice Ellery appears to be a citizen of the forum state from which she seeks removal". (Emphasis added).  In support of its July 19, 2023 remand order regarding "untimeliness", the court cited "*Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302 (11th Cir. 2001)*", which held that "For

---

[1] "A *pro se* litigant's pleadings must be construed more liberally than pleadings drafted by attorneys. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); see also *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) ("*pro se* pleadings are held to a less stringent standard than those pleadings drafted by attorneys and will, therefore, be liberally construed").

[2] U.S. BANK is a corporation organized and existing under the laws of the State of Minnesota with its principle place of business in Saint Paul, Minnesota. Thus, U.S. BANK is a citizen of Minnesota for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

removal under 28 U.S.C. 1441 to be proper, no defendant can be a citizen of the state in which the action was brought").

Thus, it appears that the Court's July 19, 2023 remand order is based on "untimeliness" and what's customarily referred to as the "defendant forum rule" – that's when "a federal court lacks subject matter jurisdiction over a matter brought under 28 U.S.C. section 1332(a) if a defendant is a citizen of the state in which the action is brought".

Yes, it may be true that I, the Defendant Janice Ellery remove this case "years after being served with the complaint in state court". Likewise, it may be true that the Defendant is a citizen of the State of Florida and that the action was also brought here in the state of Florida. However, Plaintiff choose to waive any and all "non-jurisdictional" defects (e.g. "untimeliness" and the "defendant forum rule") in this instant removal process by failing to raise such *procedural* arguments within 30 days of my filing of the July 13, 2023 notice of removal.

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

- *A Court Cannot Remand Sua Sponte*
  *for a "Procedural Defect" – and Prior to a Timely Filed*
  *Motion to Remand*

In *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, the Eleventh Circuit Court of Appeals held that 28 U.S.C. § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction - even if made within the thirty-day period. (Emphasis Added). Rather, the court must wait for the plaintiff to file a motion for remand. Here, the Plaintiff, U.S. BANK never filed such a motion for remand.

Where a defect is procedural, remand *sua sponte* is erroneous. See *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough,* 365 F.3d 1244 (11th Cir. 2004). (A "court which has subject matter jurisdiction may not remand the case *sua sponte*.").

### I.     *28 U.S.C. § 1447(c)*

Pursuant to 28 U.S.C. 1447(c), a motion to remand the case on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). Here, and pursuant to 28 U.S.C. 1447(c), any objections to defects in my July 13, 2023 removal procedures, were waived by Plaintiff, U.S. BANK's failure to timely file a motion for remand within thirty days.

Section 1447(c) specifies two grounds for remanding a removed case: (1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case. *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Florida Polk County,* 170 F.3d at 1083.

Clearly, this Court's July 19, 2023 order, remanded the case to state court because of the perception that the "defendant-forum rule" was not met. However, as explained in more details below, the defendant-forum rule is merely a procedural defect that does not effect this Court's subject matter jurisdiction. In general, a procedural defect is any technical substantive or procedural error which is not a challenge to lack of subject matter jurisdiction. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).

Here, there is no disputing that the Plaintiff has failed to file a timely motion to remand and thus, has waived any and all objections to the July 13, 2023 removal procedure. In fact, Plaintiff, despite being properly noticed by the clerk of this Court (and of the state Court), has never even appeared in this instant removal action. However, as the brief

history of this removal action clearly reveals, Plaintiff had no need to appear in this instant removal case – that's because the Court basically resolved this removal action on Plaintiff's behalf, and did so without Plaintiff's presence or appearance.

Nevertheless, the Court's July 19, 2023 remand order was not only entered *sua sponte*, but it was based upon a perceived defect in the removal procedure, <u>and not based upon the Court's lack of subject matter jurisdiction as required by the statute.</u> In this instant case, the jurisdictional issue is undisputed - this is because of the party's diverse citizenship and because of the fact that the controversy exceeds $75,000 dollars. [ECF. No 1]. It is abundantly clear, that here in this present case, the Court relied on grounds other than those contained in § 1447(c).

## II.   *Only 30 Days to Remand for* *<u>Non-Jurisdictional</u> Procedural* *Defects*

After I filed my July 13, 2023 notice of removal petition, Plaintiff, U.S. BANK did absolutely nothing here in this court. Providing that 28 U.S.C. § 1447(c) allows a Plaintiffs only thirty (30) days to object to removal, Plaintiff U.S. BANK has therefore waived any objections to the July 13, 2023 removal procedure. Admittedly, waiver is possible only if the "forum-defendant rule" is a non-jurisdictional defect in the removal procedure, which as explained below, it is.

## III.   *The "Forum-Defendant Rule"* *Is a <u>Non-Jurisdictional</u> Procedural* *Defect*

Yes, it is true that the "forum-defendant rule," may prohibit removal in cases where there is an in-state resident defendant. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable on the basis of the jurisdiction under section 1332(a) of this title may

not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

However, the forum-defendant rule is not jurisdictional in nature. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (finding that the forum-defendant rule is procedural; identifying that eight of nine circuits to have considered the issue have found the same); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) ("[R]emoval by the resident defendants is a procedural, and not a jurisdictional defect.").

Because the forum-defendant rule is a non-jurisdictional rule here in the Eleventh Circuit, it may be waived. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).") (Emphasis added); *see also Lively*, 456 F.3d at 939. "A plaintiff may either waive the procedural defect stemming from a resident defendant's removal or may file a motion to remand within 30 days of removal." *Plombco Inc. v. TBC Retail Grp., Inc.*, No. 13-81026-CIV, 2013 WL 5863571, at *2 (S.D. Fla. Oct. 31, 2013) (citing cases finding the same).

Here, no one can dispute that the removal petition identifies me, the Defendant Janice Ellery as a citizen of Florida and identifies Plaintiff U.S. BANK as a citizen of Minnesota [ECF No.1]. Clearly, Plaintiff did not timely move to remand the case, or otherwise raise the issue of the defendant-forum rule. Thus, Plaintiff U.S. BANK has waived this objection to removal, because it did not move for remand or otherwise bring the alleged defect in removal to the Court's attention within the thirty days provided by 28 U.S.C. § 1447(c) - in spite of the notices provided by Defendants and the clerk of this

Court. Moreover, Plaintiff has failed to provide any explanation for its delay. Accordingly, the Court's *sua sponte* remand order on the basis of the forum-defendant rule should be reconsidered and vacated.

This Court's interpretation of § 1441(b) should comport with the other eight [out of the nine] circuits courts that have addressed this issue. *See, e.g., Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus. Inc.,* 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.,* 179 F.3d 81, 90 n. 3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable removal defect); *Pacheco de Perez v. AT T Co.,* 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) (same); *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction because it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin,* 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441(b) violation as a waivable defect in removal proceedings); *Handley-Mack Co. v. Godchaux Sugar Co.,* 2 F.2d 435, 437 (6th Cir. 1924) (describing removal by a forum defendant as a "technical" violation); *but see Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1146 n. 1 (8th Cir. 1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect).

IV.    ***"Untimely Removal"***
       ***Is a <u>Non-Jurisdictional</u> Procedural***
       ***Defect***

Respectfully, the portion of the Court's July 13, 2023 *sua sponte* order (based on "untimeliness"), is also erroneous. This is true because the sua sponte order is based on "procedural defects", i.e. un-timeliness of the removal petition. 28 U.S.C. 1447(c); also See, e.g., *Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir.1992) ("We hold that untimely removal is a procedural defect and not jurisdictional."); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir.) (holding one-year time limit on removal is "procedural"), cert. denied, 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992).

Clearly, the un-timeliness of a removal is a procedural, instead of a jurisdictional, defect. Also see our Supreme Court's ruling in *Things Remembered v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), which affirmed a court of appeals' holding that it lacked jurisdiction to review a remand based upon untimely removal grounds.

Moreover, since Plaintiff U.S. BANK failed to file a motion to remand, any allegations here of an untimely removal by me, the Defendant, has by all means – been waived, because Plaintiff U.S. BANK choose not to file a motion to remand within 30 days of the July 13,, 2023 removal petition. See *McKinnon v. Blue Cross-Blue Shield of Alabama*, 691 F.Supp. 1314 (N.D. Ala. 1988), aff'd by, 874 F.2d 820 (11th Cir. 1989). Also See *Quentin F. Urquhart, Jr.*, Waiver of Defects in Removal Jurisdiction: Another Path to Federal Court, For the Defense 2 (Dec. 1992).

Clearly, Plaintiff U.S. BANK did not timely move to remand the case, or otherwise raise the issues of the defendant-forum rule or untimeliness. Thus, Plaintiff U.S. BANK has waived this objection to removal, because it did not move for remand or otherwise bring the alleged procedural defects in removal to the Court's attention within the thirty days provided by 28 U.S.C. § 1447(c).

Moreover, Plaintiff U.S. BANK has failed to provide any explanation for its delay. Accordingly, the Court's *sua sponte* remand order based on untimeliness and the forum-defendant rule should be reconsidered and vacated.

This Court's interpretation of § 1441(b) should comport with the other eight [out of the nine] circuits courts that have addressed this issue. See, e.g., *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable "procedural defect"); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n. 3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable removal defect); *Pacheco de Perez v. AT T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) (same); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum defendant rule did not strip the district court of its jurisdiction because it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441(b) violation as a waivable defect in removal proceedings); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924) (describing removal by a forum defendant as a "technical" violation); but see *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 n. 1 (8th Cir. 1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect).

## CONCLUSION

Clearly, this Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332, known as "diversity jurisdiction." Section 1332 confers subject matter

jurisdiction upon district courts over civil actions between "citizens of different States" and for which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (1). Here, it is undisputed that the Defendant has meet both of these jurisdictional requirements.

Respectfully however, the Court has exceeded the grounds for remand contained in § 1447(c), as the July 19, 2023 remand order in this case is clearly based on a non-jurisdictional defect in the removal procedure, and not on the Court's lack of subject matter jurisdiction. Moreover, the July 19, 2023 order is not within the bounds of § 1447(c) because it was issued before a timely motion to remand was filed as provided in the statute. Reading §§ 1447(c) and (d) together, an order remanding on procedural grounds either upon an untimely motion or a *sua sponte* order is not authorized by § 1447(c).

In this instant case, the Court filed its *sua sponte* remand order on July 19, 2023, which is based solely on a perceived procedural defect in my July 13, 2023 removal process. Respectfully, the Court acted outside of its statutory authority by remanding *sua sponte* for a procedural defect.

**WHEREFORE**, I, the Defendant Janice Ellery is hereby requesting that this Court reconsider, and thereafter, vacate its July 19, 2023 order remanding this case to the state Court from which it came, and for any further relief that the Court deems just.

Respectfully Submitted,

Janice Ellery
214 SW 2nd Place
Dania, Florida 33004

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing Petition was furnished to

Plaintiff's attorney, BRADLEY ARANT BOULT CUMMINGS, LLP by U.S. Mail at 100

N. Tampa Street, Suite 2200, Tampa Florida 33602 on this _15_ day of August, 2023.

_____
Janice Ellery