UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

U.S. BANK TRUST, N.A. AS TRUSTEE FOR
LSF10 MASTER PARTICIPATION TRUST,

         Plaintiff,

CASE NO. 0:23-CV-61326

vs.

JANICE ELLERY, et al.,

         Defendants.
_____/

**PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF10 MASTER PARTICIPATION TRUST ("**U.S. Bank**"), moves to remand this case back to the Seventeenth Judicial Circuit in and for Broward County, Florida, in response to Defendant, Janice Ellery's ("**Ellery**") Amended Notice of Removal (the "**Amended Notice of Removal**") (ECF No. 9), and in support thereof states as follows.

**INTRODUCTION**

The Amended Notice of Removal represents the most recent attempt by Ellery to avoid the enforcement of a Final Judgment entered against her and in favor of U.S. Bank in December 2021 in the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-19-11770 (the "**Foreclosure Action**"). The Amended Notice of Removal is the latest in a series of protracted and vexatious litigation, which includes repeated filings by Ellery made within twenty-four hours of an evidentiary hearing intended to finally resolve the Foreclosure Action. These eleventh-hour filings include the filing of two separate bankruptcy cases (both dismissed), an Emergency Motion to Cancel Sale (which was denied), the original Notice of Removal in the instant case (which was

1

*sua sponte* remanded by this Court), and now this Amended Notice of Removal. Similar to all of Ellery's prior avoidance efforts, the Amended Notice of Removal fails to be supported by fact or legal authority and this case should be remanded as a result.

### FACTUAL AND PROCEDURAL BACKGROUND

1. On May 28, 2019, U.S. Bank filed the Complaint to Foreclose Mortgage and to Enforce a Lost Instrument (the "**Complaint**"), which alleged two claims for relief against Ellery: (1) Foreclosure of Mortgage, and; (2) Re-Establishment of Lost Note. Ellery is the sole borrower under the subject note and mortgage. *See U.S. Bank Trust, N.A. v Janice Ellery, et al.*, No. CACE19011770 (Fla. 11th Cir. Ct. May 28, 2019).

2. On June 12, 2019, Ellery was served with a copy of the Summons and Complaint in the Foreclosure Action.

3. On August 4, 2021, U.S. Bank filed the Motion for Summary Final Judgment and Attorneys' Fees and Costs in the Foreclosure Action. Ellery failed to file any evidence in opposition.

4. On December 16, 2021, the Summary Final Judgment of Foreclosure was entered (the "**Final Judgment**"), which scheduled the foreclosure sale to take place on February 15, 2022.

5. On February 14, 2022, less than 24 hours before the scheduled foreclosure sale, Ellery filed a Suggestion of Bankruptcy indicating she had filed a Petition for Chapter 13 Relief, Case No. 22-bk-11110 (the "**First Bankruptcy Case**"). On March 8, 2022, the First Bankruptcy Case was dismissed.

6. On August 5, 2022, the Order Setting/Resetting Foreclosure Sale was entered in the Foreclosure Case, which rescheduled the foreclosure sale to take place on September 28, 2022.

7. On September 27, 2022, again less than 24 hours before the sale, Ellery filed a second Suggestion of Bankruptcy, indicating she had filed a Petition for Chapter 13 Relief, Case No. 22-bk-175096 (the "**Second Bankruptcy Case**"). On November 21, 2022, the Second Bankruptcy Case was dismissed.

8. On December 15, 2022, the Order Rescheduling Sale was entered in the Foreclosure Action, which rescheduled the foreclosure sale for February 14, 2023.

9. On February 13, 2023, Defendant filed the Notice of Hearing scheduling a hearing for the next day, February 14, 2023, on her Emergency Motion to Cancel Sale, despite no such Motion ever being filed or reflected on the docket.

10. On February 14, 2023, the Order Cancelling Foreclosure Sale was entered in the Foreclosure Action, which canceled the foreclosure sale and rescheduled it for March 21, 2023.

11. On March 20, 2023, once again less than 24 hours before the foreclosure sale, Ellery filed the second Emergency Motion to Cancel Sale, which requested that the foreclosure sale be canceled based on Ellery filing of a separate federal class action case against Fay Servicing, LLC, a non-party to the case, which alleged federal statutory claims not at issue in the Foreclosure Action.

12. On March 21, 2023, the hearing on the second Emergency Motion to Cancel was held and the Court denied the Motion. Later that day, the foreclosure sale was conducted, and the subject property was sold to U.S. Bank.

13. On March 22, 2023, the Certificate of Sale was entered in the Foreclosure Action.

14. On March 31, 2023, Ellery filed the Objection to Sale in the Foreclosure Action (the "**Objection**"), which alleged that the foreclosure sale was invalid because "there was loss mitigation pending in the form of a short sale."

15. On April 26, 2023, U.S. Bank filed the Response in Opposition to the Objection, which noted that the Objection failed to allege any grounds supporting the finding that the foreclosure sale was invalid and that there was, in fact, no loss mitigation pending at the time of the foreclosure sale.

16. On June 23, 2023, the Notice of Evidentiary Hearing was filed in the Foreclosure Action, which scheduled an evidentiary hearing on the Objection for July 13, 2023.

17. On July 13, 2023, less than two hours before the evidentiary hearing was scheduled to take place in the Foreclosure Action, Ellery filed the Notice of Removal (ECF No. 1).

18. Before U.S. Bank's deadline to respond to the Notice of Removal elapsed and before U.S. Bank's counsel had an opportunity to file an appearance in this case, the Court *sua sponte* remanded the case back to the Seventeenth Judicial Circuit in and for Broward County, Florida, and administratively closed this matter (ECF No. 5).

19. On August 15, 2023, Ellery filed the Motion for Reconsideration (ECF No. 7), which was subsequently granted by this Court on September 7, 2023 (ECF No. 8).

20. On November 15, 2023, Ellery filed the Amended Notice of Removal (ECF No. 9). The Amended Notice of Removal does not contain a Certificate of Service, was not served on undersigned counsel, and was not filed in the Foreclosure Action.

21. As set forth in detail below, the Amended Notice of Removal is untimely, removal based on diversity jurisdiction is improper, and Ellery's failure to provide proper notice to U.S. Bank all independently require this case to be remanded.

## MEMORANDUM OF LAW

    A.    **<u>Legal Standard for Removal.</u>**

"An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citing 28 U.S.C. § 1441(a) & (b)). "Diversity will not support removal jurisdiction, however, if any of the properly joined defendants are citizens of the state in which the suit was originally filed." *Id*. (citing 28 U.S.C. § 1441(b)). "In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco*, 139 F.3d at 1373 (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). Removal statutes must be strictly construed against removal, and any doubts regarding the existence of federal jurisdiction are resolved in favor of remand. *Id*. (citing *Diaz*, 85 F.3d at 1505); *see also City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject-matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Univ. of S. Ala.*, 168 F.3d at 411.

    B.    **<u>The Notice of Removal and Amended Notice of Removal are Untimely</u>.**

Ellery was served with a copy of the Summons and Complaint in the Foreclosure Action on June 12, 2019. The Notice of Removal was filed on July 13, 2023, while the Amended Notice of Removal was filed on November 15, 2023. Accordingly, both Notices were filed *four years* after the deadline set forth pursuant to 28 U.S.C. § 1446(b)(1). As a result, this case must be remanded back to state court.

28 U.S.C. § 1446(b)(1) states that "[t]he notice of removal of a civil action or proceeding shall be filed within…*30 days after the service of summons upon the defendant* if such initial pleading has then been filed in court." (emphasis added); *see also Burns v. Superior Goods, Inc.*, No. 2:20-CV-01594-KOB, 2021 WL 512238, at *5, (N.D. Ala. Feb. 11, 2021) (holding that a Notice of Removal filed three days after the thirty-day statutory removal period was untimely). The court in *Burns* stated plainly that the defendant "had thirty days from the day it received service of the complaint to file a notice of removal with this court," and did not consider the three-day delay to be justified or the notice to be timely filed. *Id*. Courts have enforced the statutory thirty-day period for removing a case to federal court even where the filing occurred in a far more expedient manner as compared to Ellery's filings in this case. Indeed, federal courts have repeatedly affirmed that, where a defendant's notice of removal is untimely filed, the only appropriate remedy is remand. *See Bank of Am. N.A. v. Jones*, No. 1:22-CV-00229/RH/ZCB, 2022 WL 17718662, at *1, (N.D. Fla. Oct. 21, 2022); *see also Decatur Hosp. Auth. V. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017).

Even where a case is not removable on the face of the complaint, the Eleventh Circuit Court of Appeal has stressed the need for defendants to file a Notice of Removal within thirty days of receipt of court documentation which indicates "the first time that Defendants could ascertain that the case was removable." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F.App'x 888, 893 (11th Cir. 2011) (*citing* 28 U.S.C. § 1446(b)(3)). Under federal statute, a notice of removal must be filed no more than thirty days after service on the defendant or, where the case is not facially removable, no more than thirty days after receipt of court documentation from which the defendant could first ascertain that the case was removable.

6

In the instant case, the Complaint in the Foreclosure Action was filed on May 28, 2019, and Ellery was served with a copy thereof on June 12, 2019. Accordingly, Ellery's removal deadline, pursuant to 28 U.S.C. § 1446(b)(1), elapsed on July 12, 2019, over *four years* prior to the filing of the Notice of Removal and Amended Notice of Removal. Not only was the Notice of Removal well outside of the statutorily required timeframe but it also occurred within hours of the evidentiary hearing in the Foreclosure Action on Ellery's Objection to the foreclosure sale. Therefore, it was clearly intended to serve as yet another delay to U.S. Bank's enforcement of the Final Judgment.

The Notice of Removal and Amended Notice of Removal make no mention of timeliness and ignore entirely the deadline proscribed by 28 U.S.C. § 1446(b)(1). Ellery filed the Notice of Removal and Amended Notice of Removal years after they were due, to further delay a resolution on the Objection in the Foreclosure Action and forestall U.S. Bank obtaining title to the subject property. Indeed, nothing occurred within thirty days of either Notice that would qualify as information "from which it may first be ascertained that the case is one which is or has become removable." *Taylor Newman Cabinetry, Inc.*, 436 F. App'x 888, 893. Accordingly, due to the extreme untimeliness of the Notice of Removal and Amended Notice of Removal, this case should be remanded back to state court.

      C.      **Removal based on Diversity Jurisdiction is Improper.**

28 U.S.C. § 1441(b)(2) provides cases "otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title *may not be removed* if any of the parties in interest properly joined and served as defendants *is a citizen of the State in which such action is brought*." (emphasis added). The Eleventh Circuit Court of Appeals addressed this directly when a foreign bank sued a citizen of Georgia in a Georgia state court. *Deutsche Bank Tr. Co. Americas as trustee*

7

*for Fifteen Piedmont Ctr. v. Hunt*, 783 F. App'x 998, 999 (11th Cir. 2019). The Eleventh Circuit held that the defendant was "a resident of Georgia and Deutsche Bank brought an action in a Georgia state court against him. Therefore, [defendant's] removal of the action to federal court was improper." *Id.*; *see also Kondaur Cap. V. Soler*, No. 20-14263, 2023 WL 356018, at *2 (holding that the defendant, a citizen of Florida, could not invoke federal diversity jurisdiction over a Florida state-court foreclosure action). Where a defendant is a citizen of the state in which an action is brought, that defendant is "not entitled to any relief in federal court." *Deutsche Bank Tr. Co. Americas as trustee for Fifteen Piedmont Ctr.*, 783 F. App'x at 999.

The Amended Notice of Removal filed by Defendant cites 28 U.S.C. § 1332 as the basis for the removal of this action, claiming that the action belongs in federal court due to diversity jurisdiction. However, the Amended Notice of Removal also admits in Paragraph 5 that "myself, Janice Ellery (Defendant) – [is] a citizen of Florida." Accordingly, based on the plain language of 28 U.S.C. § 1441(b)(2), diversity jurisdiction does not permit the removal of this action since Ellery is a citizen of Florida, the state in which the Foreclosure Action was brought. *See Bank of Am. N.A. v. Jones*, No. 1:22-CV-00229/RH/ZCB, 2022 WL 17718662, at *1 (N.D. Fla. Oct. 21, 2022). Accordingly, this matter must be remanded to state court.

**D.**     **The Amended Notice of Removal is Procedurally Defective.**

Federal law requires a removing defendant to file a notice in the state court case indicating a removal notice has been filed in federal court. Specifically, 28 U.S.C. § 1446(d) provides "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court[.]" Ellery failed to give written notice of the filing if the Amended Notice

of Removal to U.S. Bank and failed to file a notice of same in the Foreclosure Action. Accordingly, the Amended Notice of Removal is ineffectual, and this matter should be remanded, as a result.

  E. **U.S. Bank Should Recover its Attorneys' Fees and Costs for Defending against the Improper Removal of this Case.**

The Eleventh Circuit Court of Appeals has affirmed lower courts' decisions to grant motions to remand and award attorney's fees when removal was improper. *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-CV-1445-ORL-22DAB, 2010 WL 4941445, at *4 (Nov. 29, 2010) (Conway, C.J.), aff'd, 436 F. App'x 888, 894-95 (11th Cir. 2011). Pursuant to 28 U.S.C. § 1447(c) an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The Court's decision to award fees is guided by whether "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). An award of fees under § 1447(c) does not, however, require a showing that the defendant's position was "frivolous, unreasonable, or without foundation." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (citing *Martin*, 546 U.S. at 138-39); *see also Liebig v. DeJoy*, 815 F. Supp. 1074, 1077 (M.D. Fla. 1993) (bad faith is no longer necessary as a predicate to the award of attorneys' fees since the intent of the statute is to reimburse plaintiffs who have incurred expenses in attacking improper removals); *see also Ansley v. Ameriuest Mortgage Co.*, 194 F. Supp.2d 1062, 1065 (C.D. Cal. 2002) ("A court may award attorney's fees when a defendant's removal is wrong as a matter of law."). This reasonableness standard was the result of "balancing the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006).

U.S. Bank should recover the attorneys' fees and costs it incurred in defending removal given Ellery's complete lack of legal basis for removal, as detailed above. Indeed, Ellery has not offered a proper basis for removal, either procedurally or substantively, which is objectively unreasonable. Additionally, Ellery failed to provide proper notice to Plaintiff through service in the federal action or through the filing of a Notice of Filing the Amended Notice of Removal in the Foreclosure Action. While not a standalone basis to deny removal, these wrongful actions caused litigation to continue to stall, a pattern which is evident from Ellery's course of conduct in the Foreclosure Action. This also caused this Court to enter an Order to Show Cause, which resulted in U.S. Bank incurring additional time and expense in responding to same. Accordingly, this Court should grant U.S. Bank's request for remand and award U.S. Bank the attorneys' fees and costs it has incurred in this case defending removal. *See Bentley v. Miami Air Int'l, Inc.*, 377 F. Supp. 3d 1337 (S.D. Fla. 2019) (citing *Owens v. Moreland*, 2015 WL 2200352, at *2 (M.D. Fla. May 11, 2015) (granting request for attorneys' fees under 28 U.S.C. § 1447(c) where removal "was unreasonable from the beginning.")).

WHEREFORE, U.S. Bank respectfully requests this Honorable Court remand this action back to the state court, award U.S. Bank its attorneys' fees and costs incurred in defending this action pursuant to 28 U.S.C. § 1447(c), and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Sara D. Accardi
Sara D. Accardi, Esq.
Florida Bar No. 106923
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary email: saccardi@bradley.com
Secondary email: jbrandt@bradley.com
*Counsel for Plaintiff, U.S. Bank Trust, N.A. as Trustee for LSF10 Master Participation Trust*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed on December 14, 2023, using the CM/ECF System and service of the foregoing has been furnished to all parties of record.

/s/ Sara D. Accardi
Sara D. Accardi